**WO**                                                                                                          SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV 10-1199-PHX-MHM (JRI) |
| Plaintiff, | No. CR 05-1087-PHX-MHM |
| v. | **ORDER** |
| Pompeyo Sanchez-Cortez, | |
| Defendant/Movant. | |

Movant Pompeyo Sanchez-Cortez, who is confined in the Arizona State Prison Complex-Lewis, in Buckeye, Arizona, has filed a "Motion Under 28 U.S.C. § 2255 to Correct Sentence to Reflect Credit Time for Time Served Before Sentencing Date" (Motion). (Doc.# 1.)[1] Movant has also filed a motion for clarification, which will be granted to the extent set forth herein.[2] The Court will summarily dismiss the § 2255 Motion without prejudice.

/ / /

---

[1] "Doc.#" refers to the docket number of filings in the civil case. "Crim. Doc.#" refers to filings in the criminal case.

[2] On May 6, 2010, Movant filed a motion in his criminal case inquiring about the status of a motion to vacate pursuant to 28 U.S.C. § 2255. (Crim. Doc.# 24.) Because a motion to vacate had not yet been filed in this case, the Court informed Movant that a motion had not been received. (Crim. Doc.# 25.) On June 3, 2010, a motion to vacate pursuant to § 2255 was filed with the motion for clarification. (Crim. Doc.# 27, 28.) As discussed below, because Movant seeks relief as to the execution of his federal sentences, he must file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I. Procedural History

On July 24, 2003, Movant and others were indicted in this District, case # CR03-0787-PHX-MHM, and a bench warrant for Movant's arrest was issued the next day. (CR03-0787, Crim. Doc.# 1, 2.) On August 24, 2004, Movant was sentenced to 12 years in the Arizona Department of Corrections by the Maricopa County Superior Court, case# CR2003-009510.[3] (Id., Crim. Doc.# 122 at 1.) The federal warrant issued in CR03-0787 was executed on October 5, 2004. (Id., Crim. Doc.# 108.) On October 19, 2005, the Western District of Texas transferred a criminal case pending there to this District with Movant's consent, case# CR05-1087-PHX-MHM. (CR05-1087, Crim. Doc.# 1, 2.) On May 11, 2006, Movant pleaded guilty pursuant to a plea agreement in CR03-0787 and CR05-1087, and was sentenced to 264 months in prison in each case to run concurrently, followed by five years on supervised release in each case, also to run concurrently. (CR03-0787, Crim. Doc.# 118; CR05-1087, Crim. Doc.# 19.) Movant's federal sentences were to run concurrently with his Arizona state sentence. (CR03-0787, Crim. Doc.# 122 at 1.) In its Judgment, this Court expressly stated that "[t]he defendant SHALL NOT receive credit for any time served prior to this date of Sentencing." (CR03-0787, Crim. Doc.# 118; CR05-1087, Crim. Doc.# 19.)

## II. Summary Dismissal

A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. When this standard is satisfied, neither a hearing nor a response from the government is required. See Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982). In this case, the record shows that summary dismissal under Rule 4(b) is warranted.

A defendant may file a motion pursuant to § 2255 to claim "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the

---

[3] See http://www.courtminutes.maricopa.gov/docs/Criminal/082004/m1517161.pdf.

United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255.

In this case, Movant challenges the execution of his sentence rather than asserts a right to be released pursuant to §2255.[4] Challenges to the execution of a sentence must be brought pursuant to a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the District where the prisoner is confined. See Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000) (*per curiam*). Movant may seek habeas relief as to the execution of his federal sentences by filing a single petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Movant's instant Motion, which seeks relief pursuant to § 2255, will be denied without prejudice.

**IT IS ORDERED**:

(1) Movant's motion for clarification is **granted** to the extent set forth herein. (Crim. Doc.# 28 in CR05-1087-PHX-MHM; Doc.# 4 in CV10-1199-PHX-MHM).

(2) Movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Crim. Doc.# 27 in CR05-1087-PHX-MHM) is **denied** and the civil action opened in connection with this Motion, doc.# 1 in CV10-1199-PHX-MHM is **dismissed without prejudice**. (Doc.# 1.)

(3) The Clerk of Court must enter judgment accordingly.

DATED this 1st day of July, 2010.

_____
Mary H. Murguia
United States District Judge

---

[4] Movant pleaded guilty in this District to illegal reentry after deportation on November 26, 2007, and was sentenced to 30 months incarceration. (Doc.# 27.)

- 3 -